UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEPHEN J. LABELLE,<br>      Plaintiff,<br><br>v.<br><br>MARINEMAX NORTHEAST, LLC,<br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 22-11185-RGS |

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S TESTIMONY OF ALLEGED DEFECT RENDERING HIS VESSEL UNSAFE OR UNUSABLE**

The Defendant, MarineMax Northeast, LLC ("MarineMax"), hereby moves to exclude testimony by the Plaintiff, Stephen J. LaBelle ("LaBelle"), that his vessel had operational, safety, or structural "defects" that rendered it unusable or unsafe, or that it did not conform to standards of trade. This motion does not seek to prevent LaBelle from identifying a warranty service issue by part or by name, or making inquiries of other witnesses concerning whether such issues were "defects" that rendered the vessel unsafe or unusable, or whether it conformed to industry standards of trade. But LaBelle himself is not qualified to testify that an item is a "defect" that impacted the usability or safety of the vessel or that did not conform to industry practice or standards of trade. Such testimony is squarely within the province of expert testimony, and LaBelle does not have an expert.

**LABELLE'S ALLEGATIONS**

LaBelle identified items that he called "defects" which "caused the resulting systems to be unworkable and/or dangerous." ECF 1, Compl., ¶19. He alleges the "defects and issues with the Azimut often rendered the Azimut unusable, unsuitable, and/or otherwise unavailable during the period Mr. LaBelle should have been able to enjoy it. *Id*. at ¶30. He alleges, "the Azimut did not

comply with the requirements of the Agreement, *did not conform to standards of trade*, *could not have passed without objection in the trade*, was unfit for use as a boat for personal use…" (emphasis added). *Id*. at ¶60.  LaBelle submitted an affidavit in support of his Opposition at Summary Judgment, in which alleged, "the Vessel had several issues, for example, with the exit doors, lighting system, exterior windows, bow thrusters, appliances, fuel control systems, structural leaking, 18-hour long fire alarms, etc." ECF 26-6 at ¶48.  He wrote, "as a result of the expansive list of warranty issues with the Vessel, which were not repaired by MarineMax for over two years, *I was unable to use the Vessel*, except for approximately 45 hours," and "between July 28, 2018 through September 2021, I only had possession of the Vessel for seven months" (*emphasis added*). ECF 26-6 at ¶¶ 49, 50.

## ARGUMENT

Expert testimony is necessary where the understanding of a field requires "specialized knowledge." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) (holding that *Daubert* gatekeeping obligation applies not only to scientific testimony, but to all "technical" or "other specialized" knowledge, pursuant to Rule 702).  Courts in the First Circuit recognize that actions involving allegations of defects in a boat's manufacture implicate special knowledge as to engineering and design, thus requiring expert testimony. *Correa v. Cruisers, a Div. of KCS Int'l, Inc.*, 298 F.3d 13 (1st Cir. 2002) (in boat purchaser's breach of warranty action, licensed and trained mechanical engineer qualified to testify as expert on boat's engines under Rule 702); *Sullivan v. Young Bros. & Co.*, 91 F.3d 242 (1st Cir. 1996) (court considered expert testimony as to allegedly defective components in boat's manufacture in action against boat builder for negligence and breach of implied and express warranties); *Pace v. Ins. Co. of N. Am.*, 838 F.2d 572, 573 (1st Cir. 1988) (considering expert testimony as to defects in commercial fishing vessel

design). Further, "[t]he First Circuit has explained that the presence of a defect typically cannot be inferred in the absence of expert testimony." *Vigilant Ins. Co. v. Energy Sav. Prod., Ltd.*, 2017 WL 1682533, at *3 (D. Mass. May 1, 2017) (citing *King v. Pierce Mfg., Inc.*, 608 Fed.Appx. 18, 20 (1st Cir. 2015)); *Massachusetts Prop. Ins. Underwriting Ass'n v. LG Elecs. U.S.A., Inc.*, 902 F. Supp. 2d 173, 176 (D. Mass. 2012) (same). This is because when it comes to proving that a good is defective, expert testimony is necessary "to mitigate against jury conjecture and surmise regarding the cause of the injuries at issue and the relevant standard of care." *Vigilant*, 2017 WL 1682533, at *3.

Here, LaBelle lacks the "specialized knowledge" necessary to render him qualified to give testimony concerning the manufacture, installation, and design of boats such as the Azimut. He cannot call a warranty item a "defect," and he cannot make the leap to testifying that a so-called "defect" rendered his vessel unusable or that it otherwise prevented him from using it. These issues are hotly contested in this case. While LaBelle may be experienced in buying and selling boats, he has no training or special knowledge as to their mechanical or structural functioning. Any testimony he gives concerning the presence of defects is mere conjecture based on his lay understanding. Nor can he speak to the standard of care and practices used in the industry to provide warranty service. He cannot speak to the alleged "technical representations made by MarineMax concerning the condition or nature" of his Vessel for which he once claimed he needed an expert and which comprise a substantial portion of his Complaint. He has no inspection or survey reports from point of sale or throughout any of the warranty service work performed. Accordingly, under the *Kumho Tire and Daubert* standards governing expert testimony, LaBelle is not properly qualified as an expert and therefore should be precluded from testifying as to issues of whether or not the boat was sold in a "defective" condition.

**WHEREFORE**, the Defendant and Plaintiff-in-Counterclaim, MarineMax Northeast, LLC, respectfully requests that this Court preclude LaBelle from offering his own testimony that his vessel had operational, safety, or structural "defects" that rendered it unusable or unsafe, or that his vessel did not conform to standards of trade.

                                                    **MARINEMAX NORTHEAST, LLC,**

                                                    By its Attorneys,

Dated: March 4, 2024                         */s/ Douglas B. Otto*
                                              Douglas B. Otto (BBO#555269)
                                              DARROWEVERETT LLP
                                              50 Congress Street, Suite 1040
                                              Boston, MA 02109
                                              (617) 443-4500
                                              dotto@darroweverett.com

## CERTIFICATE OF SERVICE

I, Douglas B. Otto, do hereby certify that a copy of the foregoing Motion has been filed through the Court's CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent by first class mail, postage prepaid, to those indicated as non-registered NEF participants.

Dated: March 4, 2024                         */s/ Douglas B. Otto*
                                              Douglas B. Otto